[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2011
JOHN LEY
CLERK

No. 10-13639
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-00403-RH-WCS

STEVEN KURZWEG,

Plaintiff-Appellant,

versus

SCP DISTRIBUTORS, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 21, 2011)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Kurzweg appeals the district court's grant of summary judgment in

favor of his former employer, SCP Distributors, LLC ("SCP"), on his claims of

disability discrimination under the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA").  After review, we affirm.[1]

## I.  BACKGROUND FACTS

For purposes of this appeal, the summary judgment facts are not in dispute.

### A.  Kurzweg's Employment with SCP

Beginning in 2005, Kurzweg worked as a delivery truck driver for SCP, which required him to load and unload the truck.  In May 2007, Kurzweg was placed on discretionary leave while he had bladder surgery.  In July 2007, Kurzweg returned to work with a doctor's restriction not to lift more than fifty pounds.

On April 9, 2008, Kurzweg was placed on discretionary leave so he could have neck surgery.  On May 1, 2008, Kurzweg's doctor sent a letter to SCP advising that Kurzweg was not yet able to return to work.  On May 8, 2008, Kurzweg's doctor had still not released him to return to work, but his available leave time expired on May 8.  SCP extended Kurzweg's discretionary leave to June 8, 2008.

---

[1]We review a district court's grant of summary judgment de novo, viewing all evidence in the light most favorable to the non-moving party.  Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (11th Cir. 1998).  Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

On June 9, 2008, Kurzweg did not return to work. On June 16, 2008, SCP received a "Physical Capabilities Worksheet" from Kurzweg's doctor indicating that Kurzweg could return to work with no restrictions. On June 19, 2008, SCP sent Kurzweg a letter terminating his employment effective June 9, 2008. In July 2008, Kurzweg filed a charge of disability discrimination with the Florida Commission on Human Relations based on his termination.

## B.    Social Security Disability Claim

Off and on since 2003, Kurzweg had been treated by Dr. Faisal Munasifi, a psychiatrist. Dr. Munasifi diagnosed Kurzweg in 2003 with bipolar disorder and attention deficit disorder and prescribed Lithium and Stratera. Dr. Munasifi had last seen Kurzweg in October 2006, at which time Kurzweg's mental status was stable.

After his termination in June 2008, Kurzweg became severely depressed. In the fall of 2008, Kurzweg began seeing Dr. Munasifi again. Kurzweg told Dr. Munasifi that he had recently developed cancer, for which he was receiving treatments, and had been terminated from his employment. Based on their sessions, Dr. Munasifi opined that Kurzweg's termination was a "major stressor" that "had complicated his mental health conditions" and that Kurzweg's

3

termination and medical conditions contributed significantly to the deterioration of Kurzweg's mental status.

In May 2009, Kurzweg filed an application for Social Security Disability Insurance (SSDI) benefits. Kurzweg's application alleged an onset date of June 9, 2008, the effective date of his termination from SCP. Kurzweg's application stated that he "became unable to work because of [his] disabling condition" on that date. On January 26, 2010, the Social Security Administration issued a favorable determination on Kurzweg's SSDI claim, finding that he met the medical requirements of disability and that the onset date was established as of June 9, 2008.[2]

## C. Kurzweg's ADA Lawsuit

---

[2]The SSA's decision found, inter alia, that: (1) Kurzweg had not engaged in any substantial gainful employment since June 9, 2008; (2) he had the severe impairments of "residuals of invasive urothelial carcinoma, status-post radical cystoprostatectomy with ileostomy and urinary diversion; lymphoma (versus lymphoproliferative disorder); bipolar disorder; attention deficit disorder; cervical degenerative disc disease; sleep apnea; and restless leg syndrome"; (3) Kurzweg was unable to perform his past relevant work because the demands of that work "exceed the residual functional capacity"; and (4) Kurzweg had the residual functional capacity to perform sedentary work, but that he could not perform such work for eight hours a day, five days a week due to "psychologically based symptoms"; he could not perform at a consistent pace without an unreasonable number and length of rest periods; he could not deal with normal work stress; and he could not meet competitive standards for maintaining regular attendance and being punctual within customary, usually strict tolerances, sustaining an ordinary routine without special supervision and working in coordination with or in proximity to others without being unduly distracted.

4

On August 28, 2009, Kurzweg filed this complaint alleging that SCP violated his rights under the ADA and the FCRA when it terminated him.[3] Following discovery, SCP moved for summary judgment, arguing, inter alia, that Kurzweg's ADA claim was barred because it was inconsistent with his statements in his SSDI application that he was unable to work as of June 9, 2008.

During a summary judgment hearing, Kurzweg explained that the SSA had used the June 9 termination date as the disability onset date because that was the last day Kurzweg had worked.  Kurzweg maintained that on June 9, 2008 he was actually able to perform the duties of his job and that he only became disabled afterward based, at least in part, on the deterioration of his mental health condition after learning of his termination.

The district court, citing the Supreme Court's decision in Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 119 S. Ct. 1597 (1999), concluded that Kurzweg's explanation for the inconsistency between his representations to the SSA and his representations in the ADA case was not sufficient.  The district court noted that, under Cleveland, it was possible for an employee to be able to work with an accommodation and be disabled for Social

---

[3]Kurzweg filed his action in Florida state court, and SCP removed the action to federal district court.

Security purposes without that accommodation, but that Kurzweg was not making such a claim. The district court concluded that "it is not an adequate explanation to say, as the plaintiff seems to say here, I was able to work, I was wrong when I asserted to the Social Security Administration that I was unable to work. I got the benefits, though I wasn't entitled to them. In fact, I didn't become disabled until later, after the date when I told the Social Security Administration I was disabled."

After the hearing, the district court entered an order granting SCP's summary judgment motion and adopting the reasons the court had set out "at greater length" during the hearing. The district court's order further stated that "[o]n the facts of this case, the plaintiff could not have been both qualified for his job as of June 9, 2008, as required under the ADA, and unable to work as of that date, as he successfully asserted in his social-security application," and, thus, Kurzweg's ADA claim was barred.[4] Kurzweg filed this appeal.

## II. DISCUSSION

Under the ADA, an employer may not discriminate against a qualified individual with a disability. 42 U.S.C. § 12112(a). A "qualified individual" is one

---

[4]Although SCP moved for summary judgment on Kurzweg's FCRA claim, the district court's summary judgment order did not explicitly address this claim. Nonetheless, because Kurzweg's FCRA and ADA claims were essentially identical and are analyzed under the same framework, see Greenberg v. BellSouth Telecomms., Inc., 498 F.3d 1258, 1263-64 (11th Cir. 2007), the district court necessarily denied the FCRA claim for the same reasons it denied the ADA claim.

who, "with or without reasonable accommodation, can perform the essential functions of the employment position . . . ." 42 U.S.C. § 12111(8). Thus, "[b]ecause the ADA reserves its protections for individuals still able to perform the essential functions of a job, albeit perhaps with reasonable accommodation, a plaintiff who is totally disabled and unable to work at all is precluded from suing for discrimination thereunder." Slomcenski v. Citibank, N.A., 432 F.3d 1271, 1280 (11th Cir. 2005) (involving a claim of long-term disability benefits under an ERISA plan).

To obtain social security disability benefits, an applicant must prove he is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In Cleveland, the Supreme Court stated that "in context, these two seemingly divergent statutory contentions are often consistent" and that the "pursuit, and receipt, of SSDI benefits does not automatically estop the recipient from pursuing an ADA claim." 526 U.S. at 1600, 119 S. Ct. at 797. However, to survive summary judgment, "an ADA plaintiff cannot simply ignore her SSDI contention that she was too disabled to work" but "must explain why that SSDI contention is consistent with her ADA claim that she could 'perform the essential functions' of her previous job, at least with 'reasonable accommodation.'" Id., 119 S. Ct. at 798; see also Talavera v. Sch. Bd. of Palm Beach Cnty., 129 F.3d 1214, 1220 (11th Cir. 1997) (explaining that whether a certification of total disability for SSDI purposes is inconsistent with an ADA claim depends on "the facts of the case, including the specific representations made in the application for disability benefits and the nature and extent of the medical evidence in the record," but that "an ADA plaintiff is estopped from denying the truth of any statements made in her disability application").

The Supreme Court identified several ways an ADA plaintiff might be able to perform the essential functions of the job, but still be deemed "disabled" by the SSA. First, an SSDI applicant might be able to perform the work with a reasonable accommodation, but the SSA does not take possible reasonable

8

accommodations into account in determining whether an SSDI applicant is disabled. Cleveland, 526 U.S. at 1602, 119 S. Ct. at 803. Second, an SSDI applicant who can actually perform the work may qualify as disabled under the impairment listings in the SSA's regulations. Id. at 1602-03, 119 S. Ct. at 804. Finally, an SSDI applicant may fall within the agency's nine-month trial-work period used to facilitate reentry into the workforce. Id. at 1603, 119 S. Ct. at 805.

Here, Kurzweg's statements to the SSA were inconsistent with his ADA claim. The SSA sent Kurzweg a March 3, 2009 application summary that contained a summary of Kurzweg's statements to the SSA used to complete his electronically stored SSDI application. According to the summary, Kurzweg stated, inter alia, "I became unable to work because of my disabling condition on June 9, 2008," and he "affirm[ed] that all information I have given in connection with this claim is true." Kurzweg, who was represented by an attorney in the SSA proceedings, does not appear to have done anything to correct the onset date. The SSA's subsequent favorable decision states that Kurzweg was "alleging disability since June 9, 2008."

Furthermore, Kurzweg's explanation for his inconsistent representations does not fall within any of the examples listed in Cleveland. Kurzweg did not argue that he needed a reasonable accommodation to do his job for SCP. In fact,

9

he claimed he was fully able to do his job on June 9, 2009, stressing that his doctor had released him to return to work without restrictions. Kurzweg did not contend his impairments met or equaled an impairment listing or that he was in a nine-month trial-work period. Instead, Kurzweg essentially argued that the SSA erroneously (and without his objection) used his termination date, when in fact he was fully able to do his job on that date and that the real onset date occurred sometime after he learned he had been terminated and became severely depressed. We agree with the district court that Kurzweg's explanation does not reconcile the inconsistency in his representations before the SSA and in this ADA action.

Kurzweg successfully maintained before the SSA that he was unable to do his past relevant work (i.e., his work at SCP) as of June 9, 2008 due to his disability. Therefore, Kurzweg is estopped from asserting in this ADA action that he was able to perform the essential functions of his job at SCP on June 9, 2008, when SCP terminated him. Accordingly, the district court properly granted SCP's motion for summary judgment.

**AFFIRMED.**